GEORGE J. J. BARBER, Appellant, v. SAMUEL
McCLELLAN BARBER and THOMAS D. CHOLLAR,
Executors, etc., of JEDIDIAH BARBER, Deceased,
Respondents.

*What instrument is a will.*

An instrument duly executed by the deceased, which simply nominates certain
persons as executors, and authorizes them to sell real estate, is a will and is
entitled to probate as such.

Appeal from a decree of the surrogate of the county of Cort-
land, admitting to probate the last will and testament of Jedidiah
Barber, deceased. The paper admitted to probate reads as follows:

"I, Jedidiah Barber, of the village of Homer, for my last will
and testament, as follows:

"I nominate and appoint Samuel McClelland Barber, Thomas D.
Chollar and Robert H. McClellan, executors of this my will, and
for the purpose of converting my real estate into money, I author-
ize and empower them to sell the same.

"Witness my hand and seal this 21st day of August, A. D. 1874.

"JEDIDIAH BARBER."

With the usual attesting clause.

This paper was presented and admitted to probate as a will of
personal estate by the surrogate of Cortland county on the 30th
day of June, 1876, and letters testamentary were issued thereon
to Thomas D. Chollar and Robert H. McClellan, two of the
executors therein named, the third having declined to serve.
The petitioner and appellant challenged this will, on the
grounds:

First. That the paper is not a will of personal property.

Second. That said paper was procured through the fraud and
undue influence of others.

Third. That the testator was incompetent to make a will.

*Geo. N. Kennedy,* for the appellant.

*Oliver Porter,* for the respondents.

BOARDMAN, J. :

The instrument in question is a valid will and is entitled to probate as such. Under it the executors take title to property as in ordinary cases. In 3 Redfield on Wills (56, § 15), the author says : "It is well-settled that a will appointing executors, and containing no disposition of personalty is entitled to probate, whether it contain any disposition of real estate or not ;" citing *In Goods of Jordon* (L. R., 1 P. & D., 555; 1 Wms. on Ex'rs, 218 [6th Eng. ed] ; *O'Dwyer* v. *Geare*, 1 Sw. & Tr., 465).

Williams on Ex'rs (vol. 1, introd. to book 3, p. 112), says : "The bare nomination of an executor without giving any legacy, or appointing anything to be done by him, is sufficient to make it a will, and as a will it is to be proved." (Citing Godolphin Pl., 2, chap. 5, § 1; Swinburne on Wills ; Pl. 4, § 2, p. 2.) The late work of Flood on Wills at page 64 cites the above extract from Williams on Executors as authority, and at page 60, says : " If a man makes a will, in which he declares himself to die intestate, the paper will operate as a bequest of his property to the persons designated by the statute of distributions." (Citing *Benchley* v. *Lynn*, 2 Robert, 145.) To the same effect is Dayton on Sur. (p. 205, beginning of chapter 3 [3d ed.] ; see, also, 2 Story Eq. Jur., § 1208.)

We find no authority or writer expressing views conflicting with those stated, and hence conclude that the instrument under consideration was a valid will.

It is claimed that the execution of this instrument was procured by undue influence, exercised by William T. Hicock and others. We have read the testimony and find no satisfactory evidence of that fact. There is evidence tending to show that a large claim is made by Hicock, Barber & Company, against the estate. But the amount of the claim is not shown, nor any fact from which we can say it is false, fraudulent or excessive. Indeed, there is no evidence from which this court can say any wrong has been done to the testator in his lifetime, or any undue or improper influence exerted over him to procure the execution of this will, or any account or claim manufactured against him during his lifetime, or since against his estate. Suspicion is attempted to be excited without adequate proof, because the testator was once esteemed worth $150,000, and at his death was worth little or nothing, and

because Hicock, once poor and the confidential clerk of the testator for many years, became the head of the banking house of Hicock, Barber & Company; that Hicock has taken advantage of his opportunities and defrauded the testator of his property. Hence it was claimed such a will was necessary to protect the proceeds of such dishonesty. There may be sufficient to excite suspicion, but it lacks much of creating a belief. Whatever claim may be made by Hickok, Barber & Co. against the estate is the subject of investigation, and it is fair to presume the courts will deal justly by all concerned or interested in the estate.

We think the decree of the surrogate is correct and should be affirmed, with costs of this appeal against the appellant.

LEARNED, P. J., concurred; BOCKES, J. taking no part.

Decree affirmed, with costs against appellant.